UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

       v.                                  3:17-MJ-003 (ATB)

KYLE DEWOLF,
                        Defendant.

_____

SAHAR L. AMANDOLARE, Ass't U.S. Attorney
RANDI JUDA BIANCO, Ass't Fed. Public Defender, for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

**REPORT-RECOMMENDATION AND CONDITIONAL ORDER**

Pursuant to Northern District of New York Local Criminal Rule 58.1(a)(2)(K) and 28 U.S.C. § 636(b)(3), this court recommends that Hon. Glenn T. Suddaby, Chief U.S. District Judge, find that the defendant, after a period of mental health treatment and evaluation, is currently competent to go forward with proceedings relating to a petition in the Eastern District of Wisconsin, alleging that the defendant violated the conditions of his supervised release.

**I.    Background**

On December 30, 2008, defendant Kyle DeWolf pled guilty before U.S. District Judge J.P. Stadtmueller of the Eastern District of Wisconsin to traveling in interstate commerce to engage in illicit sexual conduct with another, in violation of 18 U.S.C. § 2423(b). The defendant was sentenced, on April 24, 2009 to 90 months of imprisonment, to be followed by 60 months of supervised release. He commenced his

term of supervised release on January 16, 2015.

On December 13, 2016, a Probation Officer in the Eastern District of Wisconsin executed a petition alleging that defendant committed six violations of the conditions of his supervised release, and Judge Stadtmueller issued a warrant to arrest the defendant. (Dkt. No. 1). The defendant was arrested in this District on January 4, 2017, and I attempted to conduct his initial appearance under Fed. R. Crim. P. 32.1. Based on her contact with and observations of her client, defense counsel requested that defendant be referred for a mental health examination to determine mental competency, without objection from the prosecutor. After questioning and observing the defendant, this court found defense counsel's request justified, and issued an order committing defendant for a 30-day psychiatric or psychological examination pursuant 18 U.S.C. §§ 4241(a) and 4247(b) to determine his competency. (Dkt. No. 3).

The defendant was transported to the Metropolitan Correctional Center ("MCC") in New York City where he underwent mental health treatment and evaluation between and including February 13 and March 23, 2017. On April 7, 2017, Forensic Psychologist Samantha E. DiMisa, Ph.D. submitted a report, reviewed by Chief Psychologist Elissa R. Miller, Psy.D., regarding the evaluation of defendant's competency to go forward with the proceedings related to his alleged supervised release violations. (Dkt. No. 7). Dr. DiMissa opined, "with a reasonable degree of psychological certainty, Mr. DeWolf currently possesses a factual and rational understanding of the proceedings against him, has the capacity to assist legal counsel in his defense, and can adequately make decisions regarding his legal strategy."

(Report at 25).

On May 2, 2017, this court conducted a competency hearing, at which defendant, with defense counsel's consent, appeared by video from Metropolitan Detention Center ("MDC") in Brooklyn, New York. The parties agreed that the opinion of Dr. DiMisa could be presented through her written report, and waived their right to examine Dr. DiMisa. Having had an opportunity to consult privately with her client, defense counsel agreed that defendant appeared, as a result of treatment and medication, to now be competent to understand and assist counsel in connection with the proceedings in this case. The government had no objection to a finding that defendant is now competent to proceed. Based on the consensus that defendant was currently competent, both parties agreed to waive their right to have fourteen days within which to object to a Report-Recommendation by this court that defendant be found competent by Chief Judge Suddaby.

At the conclusion of the competency hearing, this court conducted the initial appearance of the defendant under Fed. R. Civ. P. 32.1, subject to Chief Judge Suddaby's ultimate finding regarding the defendant's competency. With advice of counsel, the defendant knowingly and voluntarily waived his right to a detention hearing or preliminary hearing in this District, and agreed to return, in custody, to the Eastern District of Wisconsin for a revocation hearing before Judge Stadtmueller. If and when Judge Suddaby adopts this Court's recommendation and finds that the defendant is competent to go forward on his alleged supervised release violation, this Court will then order that the defendant be removed to the Eastern District of

3

Wisconsin for further proceedings.

## II. Applicable Legal Standards

The question presented here is whether the defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. . . ." 18 U.S.C. § 4241(d). A defendant's incompetence must be established by a preponderance of the evidence. *Id.*; *United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998). The issue of competence focuses on whether a defendant possesses "(1) 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)).

In determining competence, the court may consider a number of factors, including medical opinions, the court's observations of a defendant in court, and observations of a defendant by others in unguarded moments. *United States v. Hemsi*, 901 F.2d 293, 295-96 (2d Cir. 1990); *United States v. Villegas*, 899 F.2d 1324, 1341-43 (2d Cir. 1989). The court's determination of competence will be reversed only if clearly erroneous. *Nichols*, 56 F.3d at 411. If the court finds that a defendant is not currently competent, the judge shall commit the defendant to the custody of the Attorney General, who shall hospitalize the defendant for treatment in a suitable facility "for such a reasonable period of time, not to exceed four months, as is

4

necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d).

### III. Analysis

Forensic Psychologist DiMisa, issued a comprehensive report regarding the defendant's clinical and social history, and the results of his evaluation and treatment by the mental health staff at MDC-Brooklyn and MCC-New York. (Dkt. No. 7). Dr. DiMisa found that the defendant met the criteria for, *inter alia*, Posttraumatic Stress Disorder, following two tours served in Iraq while in the Army between 2003 and 2008. (Report at 8-9, 10-11, 17, 25). She noted that defendant stopped regularly taking his psychotropic medication in August 2016, after which his mental health deteriorated. (Report at 11, 16, 23). Defense counsel advised Dr. DiMisa that, at the time of counsel's initial contact with defendant, he presented with "paranoid delusions" which prevented him from rationally discussing his legal situation with his lawyer. (Report at 23).

Following the resumption of his medication while in custody, defendant "expressed a willingness to engage in treatment[,] . . . demonstrated insight into his need for medication . . . [and] was adherent to his psychotropic medication regimen." (Report at 15, 20). During his evaluation at MCC-New York, the staff found no "evidence to suggest he is experiencing any delusions or other serious psychiatric symptoms that would impair his ability to form a trusting, consultative relationship with his attorney." (Report at 20). Dr. DiMisa concluded, for reasons stated in her

5

report:

> Mr. DeWolf is currently capable of maintaining proper courtroom behavior, as well as appropriately attending to and participating in courtroom proceedings. Mr. DeWolf is oriented and in good contact with reality. He appeared to have an adequate understanding of the legal process and roles of courtroom personnel. If he appears to lack understanding with regard to a particular concept, Mr. DeWolf will likely benefit from simplified instruction or repetition.

Report at 20-24).

Dr. DiMasi's report establishes, by a preponderance of the evidence, that the defendant appears to have a rational appreciation of the potential consequences of the proceedings against him and is presently capable of assisting properly in his own defense. The court's brief observation and questioning of the defendant, during the May 2nd hearing, suggests that his mental health has substantially improved since he resumed taking his medications, and supports Dr. DiMasi's conclusion that plaintiff can rationally understand the proceedings against him and competently assist counsel in his defense. After meeting with defendant, defense counsel apparently agrees with the conclusion of Dr. DiMasi and the court.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED**, that defendant be found **competent** to go forward with the proceedings relating to his alleged violations of the conditions of his supervised release, and it is

**ORDERED** that, if Chief Judge Suddaby adopts the recommendation of this court and finds the defendant competent, the defendant shall be removed, while

6

remaining in custody, to the Eastern District of Wisconsin for further proceedings relating to his alleged violations of the conditions of his supervised release.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. The parties having knowingly and voluntarily waived that right on the record, the Clerk is directed to immediately deliver this Report and Recommendation to the Honorable Glenn T. Suddaby, for his consideration without the normal waiting period of fourteen days.

Dated: May 2, 2017

*Andrew T. Baxter*
Hon. Andrew T. Baxter
U.S. Magistrate Judge